Good morning, your honors. May it please the court. My name is Zoris lab later men. I represent the estate of Mr Guled, the young man who was who was shot and killed in this case. And as the court is aware, we're here to ask the court to reverse dismissal this lawsuit and send it back for further proceedings. So this case involves kind of two, two themes. We have the state probate law, which is a play and also the federal law with respect to survival of, of 1983 causes of action. Um, and both of those are addressed in the party's briefing. Um, I'd like to talk today starting with the state law issues and hopefully I'll get to some of the, uh, some of the federal issues as well. So I think one, uh, one critical issue that, uh, isn't, um, that, that isn't made clear and the city's briefing and also a mistake that this record made is the failure to recognize that when a person dies under Minnesota state law, uh, to two legal events happen, two things happen. Number one, uh, we have the creation of the estate. So on a state has created, uh, in a state that belongs to the person who died. Uh, number two, that requires legal action, doesn't it? To initiate that process. Yes, Your Honor. That requires legal action, uh, for, for somebody to be appointed to represent the estate. Uh, the second thing that happens under Minnesota state law, um, is possibly a cause of action arises for what's called the heirs and next of kin. Um, this is a totally separate entity from the estate and the estate and the heirs and next of kin, uh, have different interests, um, and they can pursue different causes of action for harm and damages that they personally suffered as a result of the death of the decedent. Uh, and again, as I mentioned earlier, both the city and the district court make the mistake of failing to recognize that these are two separate entities with two separate rights, uh, that can both be pursued. Um, both of these entities could be named in a police shooting case, depending on what sorts of claims are being pursued and depending on the timing of when the lawsuit is filed. Um, the wrongful death statute, which gives rights to the, uh, to the, to the next of kin, uh, has a three-year limitation period. And so once that three-year limitation period expires, uh, there is essentially nothing left for the next of kin to recover. They cannot pursue any claims, uh, because the limitation period is over. Um, the estate, um, does have a claim for a period of six years. And the difference is that the estate has claims for all damages that survive a decedent's death. Uh, the next of kin can only recover damages that they personally suffered as a result of the death of the person who died. And so, uh, so Minnesota law makes clear, can the same individuals represent both the estate and the next of kin? Uh, you're asking around whether the same individuals could represent both? Yes. Um, potentially they could, but there could also be conflict of interest where both cannot represent, uh, both the estate and the next of kin. I mean, is there a direct prohibition that if under circumstances it could be prohibited, but is it, do you have any indication of whether it's common? Um, I don't know, Your Honor, whether, whether it's common. I have, uh, to be honest, barely any experience in probate law. This isn't something that I typically handle. Um, theoretically the same person could represent both the next of kin and the estate. Um, but what's important to understand here is that the next of kin do not necessarily recover the damages that belong to the estate. And that's something else that this court failed to recognize. Um, if an estate opens up, uh, opens up probate proceedings, uh, let's say the estate recovers money in this case. Um, two things could happen. Number one, um, if the person who died, the decedent, Mr. Goulet had a will, he doesn't in this case, but if he had a will, um, whatever money is recovered in this case will be distributed pursuant to his will. So if he wanted to, if he had a will that says that he donates all of his proceeds to, to a local law library, um, neither the, the heirs, uh, or the next of kin, they wouldn't get anything because everything would go to the entity that he designated in his will. Um, the second issue that's important is creditors can go after the estate. Creditors under Minnesota state law cannot go after, um, the money that's awarded to the heirs and next of kin. And that makes sense because that money is given to them for the harm that they personally suffered from the loss of their loved one. Um, creditors can attack the estate. And so for this reason, uh, just because we have people who could potentially recover this money both as a state beneficiaries and as heirs and next of kin, uh, that doesn't always work that way under Minnesota state law. And potentially the heirs and next of kin would get nothing from the estate. Um, the next thing that's important to consider is what are we, uh, who's the plaintiff here and what is the plaintiff trying to recover? Uh, the only plaintiff that is named in this lawsuit is the estate of Mr. Gula. Um, the, the heirs and next of kin, um, are not named as plaintiffs. Uh, they could be if they pursued this case within three years and that did happen in earlier litigation that's discussed in the case. This lawsuit where it is today, the estate is the only plaintiff. Was it the same plaintiff in the first case? Um, plaintiff in this case? Well, well, the, the, the name party is the estate that was never named earlier, but the person representing, uh, the decedent is the same. That's Mr. Abdi. Uh, Mr. Abdi was at one point appointed as a trustee. Then the trustee status was revoked. Now, then he was appointed as the estate representative and that's the special administrator. That's a special administrator. Correct. Your Honor. And so is, is a claim on behalf of Mr. Gula and one that survives that the state could bring sue or be sued on. What are some examples of those kinds of, of actions that the personal representative can, isn't that the language? Yes. Sue and be sued in the courts. Sure. Um, under Minnesota state law, the cause of action that remains under 1983 in this case would not survive and the estate could not bring that cause of action. Um, examples of causes of action that could be brought, um, a breach of contract. For example, my understanding is that under Minnesota probate law, um, the estate could sue for breach of contract. Uh, the estate could be sued for breach of contract. Um, that, that would have survived the death of Mr. Gula. My understanding is that a wood property disputes, disputes about, uh, residences or businesses, uh, that the decedent owned. Uh, these are things that could survive and the estate could pursue those claims and the estate could be sued, uh, with regards to those claims. But if we take the only claim that's being pursued here, pre-death pain and suffering, all we're, all we're seeking here is that short period of time, Mr. Gula was shot until the point of time that he died. There was a short period where he was alive and he was suffering pain and emotional distress. And under Minnesota law, those claims abate at the death of the, uh, injured party. Is that correct? Absolutely. Uh, and that's very clear that under Minnesota state law, uh, the very limited damages that we were seeking in this case that they abate at the moment, uh, that Mr. Gula died. And so is it, is it your position that either, either someone who's been, um, appointed a trustee or someone who's a special administrator or personal representative should be able to bring this federal suit? Um, our position, your honor, is, um, kind of twofold. First of all, um, this court doesn't have to decide what rights a trustee has and, uh, and lawsuits such as this. We don't have a trustee in this case. We only have the state representative. Um, and so even though this court could decide this question, it doesn't have to, that's not a question this court has to answer. Um, to answer your question, uh, Judge Kelly, we, um, my position, my understanding of the law is that for the claims that are pursued here, only an estate representative can bring those claims. And that's because under Minnesota state law, the statutes that we said in our briefing, um, actually 573.01, the survival statute, that statute itself says that if any claim is to survive, that survives the personal representative. That's a, that's a language that's used in the survival statute. Then if we look to the probate code, uh, the probate code also says that, uh, the, the personal representative of the estate, um, has the right and the obligation to pursue any claims that do survive the decedent's death and they'll survive to the estate. Um, and so my position from my research and what I've been able to learn about this process is that potentially in a police lawsuit where a person is shot, uh, actually both the estate and the heirs and next of kin can be named as plaintiffs, but they'd be pursuing two separate, uh, causes of action. The heirs and next of kin are named to recover damages that they personally suffered. And then the estate is named to recover damages suffered by the decedent. Uh, and again, these are two separate things that could happen in the same lawsuit. What enables the claims that you represent for the, uh, as a special representative or administrator, what enables those claims to survive the death of, uh, the injured party? Um, what, well, the Minnesota law does not allow survival of those claims. What allows those claims to survive is federal law, 1983 and 1988. Well, that's where we are in this case that I want you to give me your best authority that, um, that this court is required to reverse. Sure. Um, so Your Honor, I think the place to start with regards to what to do with those cases, um, sets out precisely the situation that we are dealing with here. Um, that case, actually the facts of that case involved an individual who died from unrelated causes. Uh, but Robertson says that if, if you have a case where a person does die as a result of constitutional violation, um, two factors that the court has to consider, um, number one is deterrence and number two is compensation. Um, and if state law does not provide for the, uh, to be accomplished, um, the federal judiciary is required to allow for those claims to proceed. And so our position is that federal law permits, uh, Mr. Goulet's claim to go, claims to go forward. Um, this court's decision, Andrews versus Neer, um, actually discusses the precise issues that we are dealing with here. Um, in my supplemental authority letter that I filed approximately a month ago, I provide the court with three other federal, uh, circuit cases. Uh, we have Chaudhry versus city of Los Angeles. That's a ninth circuit case. We have Berry versus city of Muskogee, 10th circuit case and Bass versus Wallenstein, seventh circuit case. All three of these cases say the precise, the precise same thing that if state law prohibits, uh, the decedent to recover pre-death pain and suffering damages, uh, federal law has to step in and allow somebody to be able to pursue those claims on behalf of the decedent. Um, so looking to state law for both standing and damages, because the district court here said that those were two distinct inquiries. Yes. Um, and you disagree with that? Absolutely. We disagree with the idea of the district court that, uh, the Minnesota state law provides sufficient, uh, deterrent and compensation, uh, to, to be able to pursue these claims. Um, and the cases that I just cited actually speak to that. Those cases dealt with very similar statutes that we have here. And those cases decided that, uh, having this idea that the, the, the, the heirs and next of kin can recover some very limited compensation that does not include compensation for pain and suffering, uh, that does not accomplish the deterrence and the compensation facts that 1983, uh, seeks to accomplish. Counsel, you have a couple of minutes left. Yes. I'll, I'll, I'll, I'll reserve that for, for rebuttal. Thank you. Ms. McLaren. May it please the court. Uh, plaintiff appellant is asking this court to set aside state law, uh, essentially to escape a predicament of his own making in this situation. Minnesota state law routinely, uh, has permitted trustees appointed, um, to represent the heirs and next of kin to pursue section 1983 claims, um, in both situations where the, uh, section 1983 claim related to a death and in situations where it related to tort claims that would otherwise be governed under the survival statute. Uh, Minnesota state law appoints a trustee for the heirs and next of kin for both wrongful death and survival type claims. That is different than in some of the states, um, from other circuits that plaintiff's counsel has referred to. Uh, we have cited, uh, numerous cases at page 26 of our brief, including four in front of this court in which a trustee was, um, pursuing, uh, section 1983 claims in those cases related to a death. And we have also included, uh, jury instructions from a case in front of the district court in Minnesota under which a trustee appointed under Minnesota state law. Uh, the jury was instructed that that trustee could recover damages for pre, pre-death pain and suffering. The exact type of damages, um, sought to be recovered in this case. Uh, the plaintiff here himself attempted, um, twice before to pursue these claims as a trustee once when he, um, during the period when he was a duly appointed trustee and then once, um, afterward, uh, prior to, um, uh, the realization that that. Well, if, if the method he seeks to use now is lawful and required, it wouldn't matter whether he could have done it sooner or didn't do it right sooner, would it? Uh, absolutely. That is correct, Your Honor. However, Minnesota state law is clear under section, um, 573 that, 573.01, that a cause of action arising out of an injury to the person dies with the person except as provided in 573.02. And that 573.02 is the provision that relates to the trustee. So Minnesota law is clear that the trustee is the only, uh, person who is permitted under state law to pursue these claims. And I don't really hear plaintiff arguing differently. What I hear plaintiff arguing is that he believes that these claims just abated and can no longer be pursued. And that all the prior cases in front of this court and at the district of Minnesota finding a trustee could pursue those claims were in error. And that this court under Robertson should disregard Minnesota state law and create its own federal common law for cases related to, um, that would arise out of Minnesota. And under, um, section 1988, this court is first required to look to state law except to this extent it finds it inconsistent with federal law. Here, this court has previously never found it to be inconsistent. And, um, two cases in the district of Minnesota that directly addressed the issue also declined to find it inconsistent and found that section 1983 claims could only be pursued through the trustee. Now, also, I don't know that plaintiff has directly said this, but I want to be clear. The trustee can still be appointed. He, the plaintiff is correct that the statute of limitations has expired for a wrongful death action. However, Minnesota precedent makes clear that that does not bar the appointment of a trustee. Um, this makes sense because you also have a survival claim apart from a wrongful death claim under, um, section 573.02 subdivision two that could still be pursued. You could have a longer statute of limitations. And in fact, in the Ortiz versus Govinda case, uh, the Supreme court of Minnesota that was cited in our materials, um, the court there noted that even after the expiration of the wrongful death statute, the district court had appointed a press, a trustee. And that trustee then in your view could bring the section 1983 claim. Absolutely. Assuming that the statute of limitations for section 1983 had not yet expired. And your position is that the special administrator simply has no powers that are similar to the trustee in terms of these kinds of claims. I think that is the only fair reading of, uh, 573. And I think the parties are actually in that because the plaintiff is saying that these claims abated. So this court as part of its creation of federal common law should look to Minnesota state law to the special administrator and basically adopt that type of, um, uh, framework, uh, for these types of cases going forward is how I understand plaintiff's argument. And so why, and why not, why not look to the I think in order to do that, the court would have to find that the trustee was not a sufficient basis because section 1988, um, says this court has to look to state law and only under Robertson, if it finds it inconsistent with the constitution or federal law, can it, um, create its own federal common law. And I suppose maybe adopt in part of the special administrator framework under Minnesota state law. So I don't think we can have a both and here under Robertson and section 1988, this court does not have the discretion to create additional avenues to standing, um, in the absence of finding a state law inconsistent with federal law. And this really gets to the crux of plaintiff's argument because as this court has previously recognized, as the district of Minnesota has separate inquiries under this area of the law, uh, he has cited all of the cases he has cited. Uh, they do not involve changing the party, uh, pursuing the claim. They, some of the cases permit, um, trim back the amount of damages that party may pursue under, um, section 1983. Some cases disregard state law limitations on damages recovery. And that is essentially what this court has been doing. And what we would ask the court to continue to do here is to read, um, Minnesota statute 573 as identifying the party, but not providing necessarily a limitation on the damages recoverable. Now the district court went even further and said there's no are, um, limited to, um, the damages under 573.02, but this court doesn't have to go that far. This court can, um, can leave the issue of damages to another day. And as we have discussed, um, in the cited materials, a district of Minnesota courts have permitted trustees to seek the exact type of damages that plaintiff is claiming here. Um, briefly, I would just like to say in addition. Could you address this point that was raised by the appellant that the city has been both on both sides of the question about what damages can be recovered? You say, well, you were just seeking guidance, but you were taking a legal position. So I'm wondering. What is your view on the proper, what damages are available and what's the principle basis for the position? Well, your honor, um, that in that case, that was a motion to show cause, um, broadest part, along with a summary judgment motion, um, essentially to understand the district court in that, uh, in that case's view on who had the point to bring those claims. Um, it, it was in that case, exactly that the trustee was permitted to seek pre-death pain and suffering. So I definitely don't think that was over the city's objection as I understand it or no, honestly, your honor, I not, I don't think that's in the record and I was not directly involved in that case. So I don't know at that point, but obviously we would abide by the court's, um, order on that. And if this court wants me to take a position that we will not object to the plaintiff here seeking pre-death pain and suffering, that's fine. We'll do that. We're not seeking people to stop being stopped from recovering under these statutes. We're simply saying, um, what is the basis for recovering the pre-death pain and suffering damages? It would be section 1983, your honor. You think it's a question of federal law? Yes. And I believe that is how it has been dealt with in the other cases in front of this court. In terms of this court or in front of these district courts that you've cited? Well, I would say this court, the, the decisions that we cited before this court included, um, I guess those are mostly coming up on summary judgment. So damages hadn't completely been fleshed out. However, those were still at play, the damages in those cases for pre-death pain and suffering. The only cases I have where damages was a final issue. I haven't found any appellate level decisions on that, but in the district court, those have been permitted to be recovered under Minnesota statute 573.02. And plaintiff too, I mean, I understand he takes issue with the, the, um, city's position on this, but he too has been on both sides of this issue. When he filed this complaint the second time, he said that the trustee had standing to recover pre-death pain and suffering. That was in his complaint. That was dismissed based on lack of proof that he was the trustee. And it's at that point that he took a different tack and received his appointment as special administrator. So the city will obviously abide by whatever guidance is given to it by the court. We now have the guidance of the Crawford decision and it, we do not seek to prevent Mr. Goulet from recovering pre-death pain and suffering damages in this case. It would not object. We will object on the merits, but should it come to a motion as to what damages are available, I can represent to this court. We would not oppose that being given to the jury should this case ever make it that far. Briefly, I do want to mention that there is an alternative basis for this court to affirm, and that is on the merits. Uh, the, before the district court, the parties cross moved for summary judgment, um, and both parties agreed that there were no outstanding fact issues with regards to liability. Both parties did put in their brief on that initial brief on that issue. And as the cases I have submitted to this court state, uh, that is an appropriate, um, alternative brief, the qualified immunity question. Pardon me? Was qualified immunity fully addressed below and briefed? Well, I believe that the plaintiff chose not to address that in his opening summary judgment brief. Um, however, and the court need not go here. I'm, I'm just saying it's within the court's discretion to reach this issue, should it so choose, because the plaintiff, um, has had the opportunity in briefing before this court to address it as well. And the cases I have cited have found the court will sometimes consider such alternate basis for affirmance. In that Crawford case, what was the court's rationale for, uh, allowing the damages that were, that you cite here in your brief? Um, you just say when the matter was submitted to the jury, the court did not limit the damages, but I gather there's no opinion on that. That is my understanding. Your honor is that these were, um, these were the, what we have said in our brief is the jury instructions, which clearly lay out the pre-death pain and suffering damages. I do not know as I stand here today, if there was a separate written order from the court on that issue. What's your understanding of why they would be allowed? Is it because the federal law requires it? 1983 requires the court to allow more damages than what the Minnesota statute allows? Um, I think that has been the practice. I think it's an open question as to whether or not it is actually required by the court, by federal law as the district court found. However, the city's position, um, before the district court and the position we're still very comfortable with is that that's fine. If those damages are submitted, um, by a trustee to the jury, you're sure that's the city's position, even if they're not authorized by law or are you saying you seem to be saying you're not sure whether the law requires that these damages be permitted, but the city's willing to pay them anyway. Well, that seems like an odd position. I don't know if the taxpayers would endorse it. So I'm just wondering if that's really based in the law. What I'm saying, your honor, is that as a practice, these damages have been going to juries. And now that the issue has come up more directly in front of the appellate setting, um, and we have a district court order saying they're not required. Um, I think as to whether or not they're required as an open question, but the city is comfortable with this court saving that issue for another day or weighing in and saying that the practice that has been followed up until now is in accordance with federal and state law. I would ask on behalf of the city and officer garbage that this court affirmed the dismissal of plaintiff's claims. And thank you very much. Mr. Laterman, your rebuttal. A couple of things that I want to mention your honors. Um, first of all, um, it's clear that the pre-death pain and suffering damages are not available under state law. Uh, that the city may, uh, may take a different position, but the bottom line is that the law is clear. The statute is clear. Those damages are not recoverable under Minnesota state law. What was your basis in alleging when you filed the trustee complaint that they were available? Because they're available under 1983 or under, under federal law, they are available. You're saying 1983 requires them to be a acquiesce in that position. That appears to be the case, but that didn't. Oh, does that solve any problem about requiring the trustee to be the party? No, your honor. And the reason for that is because even if, uh, Mr. Abdi was appointed the trustee in this lawsuit, not on the prior lawsuits, but in this case where he's only seeking pre-death pain and suffering damages question is what would he be allowed to pursue under Minnesota state law? And the answer is there is nothing left for the areas of next of kin. There's no authority and under Minnesota state law for him to be able to, as a trustee, to recover these pre-death pain and suffering damages. These damages do not belong. You just said they're available under 1983 and this would be a 1983 case, but they belong to the estate, your honor, not to the next of kin. And a trustee only acts on behalf of the next of kin. And that's why even if he was appointed, he would still have authority to recover anything in this case. Um, I want to mention something else before I run out of time. Um, we've cited three specific statutes where the Minnesota legislature has made exceptions for, um, cases that were death claims are allowed to survive. Uh, those are cited in the briefing and then the supplemental letter. Each of those statutes goes back and allows the personal representative of the estate, uh, to recover damages and not the trustee. Um, I'm out of time, so thank you. Thank you, Mr. Laterman. Court wishes to thank both counsel for your argument that you've provided to the court this morning. The briefing you submitted will take your case under advisement.